UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS, ) | 1:08-CV-00322 LJO GSA HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| KATHY MENDOZA-POWERS, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

On April 8, 1997, Petitioner was convicted in the Los Angeles County Superior Court of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), willful infliction of corporal injury on a spouse, co-habitant, or child's parent (Cal. Penal Code § 273.5(a)), and making terrorist threats (Cal. Penal Code § 422). See Petition, Exhibit A. In addition, allegations that Petitioner had used a weapon and had previously suffered two prior felony convictions were found to be true. Petitioner

---

[1] Because the instant petition alleges constitutional error in the execution of Petitioner's sentence and does not challenge the underlying conviction, the Court will only recite the state court proceedings relevant to the petition.

1  was sentenced to serve a total indeterminate term of seventeen years to life.

2      After several unsuccessful administrative appeals, Petitioner filed a petition for writ of
3  habeas corpus raising his claims in the Los Angeles County Superior Court. See Answer, Exhibit 1.
4  On April 24, 2006, the petition was denied in a reasoned decision. See Answer, Exhibit 2. Petitioner
5  then filed a petition for writ of habeas corpus in the California Court of Appeal, Second Appellate
6  District. See Answer, Exhibit 3. On March 22, 2007, the petition was denied. See Answer, Exhibit 4.
7  Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court.
8  See Answer, Exhibit 5. On October 10, 2007, the California Supreme Court denied the petition.

9      On March 6, 2008, Petitioner filed the instant federal petition for writ of habeas corpus.
10 Petitioner claims his equal protection rights have been violated, because he is not being allowed to
11 earn good time credits while other inmates are. On June 16, 2008, Respondent filed an answer to the
12 petition. Petitioner did not file a traverse.

13                            **DISCUSSION**

14 I.  Standard of Review

15     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
16 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
17 Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114
18 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*
19 *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)
20 (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was
21 filed after the enactment of the AEDPA; thus, it is governed by its provisions.

22     Petitioner is in custody of the California Department of Corrections pursuant to a state court
23 judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C.
24 § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold
25 requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d
26 1002, 1006 (9th Cir.2004); Sass v. California Board of Prison Terms, 2005 WL 1406100, *2 (E.D.
27 Cal.2005); see 28 U.S.C. § 2254(a) (This Court may entertain a petition for writ of habeas corpus "in
28 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

U.S. District Court
E. D. California           cd                              2

in custody in violation of the Constitution or laws or treaties of the United States.").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A

federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

     Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

     AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003). II. Analysis of Claim

II.  Analysis of Claim

     Petitioner claims he is participating in the "Inmate Work Training Incentive Program" but he is not receiving the same work time credits against his sentence as other inmates working in the same job. He claims this violates his equal protection rights under the Constitution.

     The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.  First, a petitioner establishes an equal protection claim by showing that the respondent has intentionally discriminated on the basis of the petitioner's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the petitioner must show that the respondent's actions were a result of the petitioner's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Petitioner, as a state prisoner, is not a member of a suspect classification.

    If the action in question does not involve a suspect classification as here, a petitioner may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of

1  Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411
2  U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004);
3  SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal
4  protection claim under this theory, a petitioner must allege that: (1) the petitioner is a member of an
5  identifiable class; (2) the petitioner was intentionally treated differently from others similarly
6  situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook,
7  528 U.S. at 564.  If an equal protection claim is based upon the respondent's selective enforcement
8  of a valid law or rule, a petitioner must show that the selective enforcement is based upon an
9  "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d
10 1180, 1187 (9th Cir.1995).

According to Cal. Penal Code § 2933(b), "[w]orktime credit is a *privilege*, not a right." (emphasis added). § 2933 specifically contemplates that not all inmates will be assigned to a credit-qualifying program. See Toussaint v. McCarthy, 801 F.2d 1080, (9th Cir.1986), *cert. denied*, 481 U.S. 1069 (1987). In fact, prisoners are not entitled automatically to participate in worktime credit programs. People v. Rosaia, 157 Cal.App.3d 832, 848, 203 Cal.Rptr. 856, 867 (1984). As noted by Respondent, California's Three Strikes Law imposes credit-earning caps on repeat felons. Cal. Penal Code §§ 667(c)(5), 1170.12(a)(5), 1170.12(b)(1).  Petitioner is a member of an identifiable class, i.e., state prisoner, and he has shown that he was intentionally treated differently from other inmates. Accordingly, he must show that there is no rational basis for the difference in treatment. This he cannot do.

California's Three Strikes Law was "'designed to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.'" Ewing v. California, 538 U.S. 11, 14 (2003), *quoting* Cal.Penal Code Ann. § 667(b) (West 1999). In Ewing, the Supreme Court stated:

> When the California Legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice. To the contrary, our cases establish that 'States have a valid interest in deterring and segregating habitual criminals.'

Id. at 25, *citing* Parke v. Raley, 506 U.S. 20, 27 (1992); Oyler v. Boles, 368 U.S. 448, 451 (1962).

Therefore, California has a rational basis for the limits imposed upon repeat felons in earning time credits. Thus, Petitioner fails to demonstrate a violation of his equal protection guarantees.

Petitioner also claims he should be entitled to earn credits under Cal. Penal Code § 2934. However, as noted by Respondent, this section does not apply because Petitioner committed his crime in 1996 and § 2934 is applicable only to inmates whose felony was committed before 1983.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED with prejudice and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2008**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE